## SWART *v.* CHIPPEWA CIRCUIT JUDGE.

1. QUO WARRANTO—PLEADING—REPLICATION—RULES OF COURT.
   Under Circuit Court Rule No. 46 (*e*), providing that *quo warranto* proceedings shall be at issue upon the filing of replication, respondent's remedy, where new matter is set up in the replication, is by application for leave to reply, and not by motion to strike the replication from the files.

2. SAME—AMENDED RULES.
   To avoid misapprehension in the future, an amendment was entered to the rule concurrently with this opinion, expressly authorizing the court to permit pleadings beyond the replication, on application of either party.

*Mandamus* by Edgar J. Swart to compel Joseph H. Steere, circuit judge of Chippewa county, to strike from the files a replication in *quo warranto* proceedings. Submitted March 14, 1899. Writ denied March 23, 1899.

*William Webster* and *John W. Shine,* for relator.

*Warner & Sullivan* and *M. F. McDonald,* for respondent.

MONTGOMERY, J. The relator in this case is respondent in a *quo warranto* proceeding pending in the Chippewa circuit court, instituted on relation of Clark A. Watson, for the purpose of trying the title to the office of sheriff. The information was filed in the usual form. The relator (respondent in that proceeding) filed his plea, which, in substance, set up that he holds the office by virtue of an election at which he and Clark A. Watson were candidates, and that he (Swart) received 1,348 votes as against 1,332 cast for Watson. To this plea the relator in that proceeding filed a replication, setting up that in certain precincts the inspectors counted certain ballots which were

illegal for the respondent, and certain frauds and irregularities in other precincts, which it is claimed should exclude the vote cast, and that, with the corrections in the counts which should be made, the relator was entitled to the certificate of election and was elected. On filing this replication, the relator caused the case to be placed upon the calendar for trial in pursuance of the provisions of Circuit Court Rule No. 46 (*e*). The respondent moved to strike this replication from the files, and, upon this being refused, has applied to this court for a *mandamus* to compel the circuit judge to grant the motion.

It is not contended that the relator below, in setting up the infirmities of the respondent's title in the replication, has in any way departed from the common-law practice; but it is urged that, inasmuch as the particular averments of the relator's title first appear in the replication, the respondent is given no opportunity to reply, and that the rule ought to be construed so as to require the relator to set up the particulars of his title in the first instance. The rule was adopted to obviate the delays which were possible under the former practice, which oftentimes enabled the respondent in *quo warranto* proceedings to prolong the contest over the office until a judgment for relator was fruitless. In many cases the replication introduced no new matter, and yet the respondent could go through the form of filing a rebutter, and the relator was required to file a surrebutter. We are disposed to think that, under the rule as it now stands, there may be some force in the complaint that there may be cases in which the respondent has no opportunity to reply to new matter, or to aver particular matter in avoidance. In such cases, the circuit court has power, on special application, to permit a further reply by respondent, and in the present case such an application would doubtless be entertained. The application to strike the replication from the files certainly was not a step to that end.

In order to avoid misapprehension, we have, concurrently with this opinion, entered an amendment to the

rule,[1] which gives the circuit court power to permit further pleadings.

The application is denied, but without costs.

The other Justices concurred.

---

[1] Circuit Court Rule No. 46 (e) is amended by adding the following proviso: "*Provided,* that the court may, on application of either party, permit further pleadings to be filed, and grant a reasonable time therefor, not exceeding ten days to each party."